IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phil Caprice Howard, #65749056,  )<br>  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>S. Janson,  )<br>  )<br>    Respondent.  )<br>_____ ) | Civil Action No. 1:22-3824-BHH<br><br>**ORDER** |

  This matter is before the Court upon Phil Caprice Howard's ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

  On November 8, 2022, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss the petition without requiring Respondent to file a return. Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## **BACKGROUND**

  Petitioner is a federal inmate incarcerated at the Edgefield Federal Prison Camp in Edgefield, South Carolina. On October 7, 2020, Petitioner pleaded guilty to violations of 18 U.S.C. § 1956(a)(1) and (h) and 26 U.S.C. § 7206(1) in the United States District Court for the Eastern District of North Carolina. *United States of America v. Howard*, 4:18-cr-60-1-D (E.D.N.C.) (ECF No. 108.) Petitioner was sentenced to 78 months' imprisonment on May 20, 2021.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

In his § 2241 petition, Petitioner claims as a first ground for relief that the Bureau of Prisons ("BOP") should have credited him for the 29 months and 23 days that he spent on pretrial home detention. As a second ground for relief, he asserts that the BOP should grant him extended home confinement under § 12003(B)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act due to his medical history, and he asks the Court to order that his pretrial detention be deemed "official detention" and to recommend that the BOP place him in the extended home confinement program.

In her Report, the Magistrate Judge thoroughly reviewed Petitioner's claims and first explained that, under the applicable law, the time that Petitioner spent on pretrial home supervision is not considered "official detention" for the purpose of calculating credit for time served under 18 U.S.C. § 3585. (ECF No. 9 at 4-5 (outlining the applicable case law).) Specifically, the Magistrate Judge explained, "[b]ecause Petitioner was released under pretrial supervision to home confinement–as opposed to being detained in a penal or correctional facility–he was not in 'official detention' pursuant to § 3585(b) prior to the date

he surrendered." (*Id.* at 6-7.) Accordingly, the Magistrate Judge found Plaintiff's first ground for relief subject to summary dismissal.

Next, with respect to Petitioner's second ground for relief, the Magistrate Judge found that the Court lacks jurisdiction to order Petitioner's home confinement under § 12003(b)(2) of the CARES Act because the discretion to determine a prisoner's placement rests exclusively with the BOP. Because only the BOP may decide whether home detention is appropriate, and the Magistrate Judge also found Plaintiff's second ground for relief subject to summary dismissal.

Petitioner filed objections to the Magistrate Judge's Report. After de novo review, however, the Court finds Petitioner's objections entirely unavailing as he simply rehashes his claims and ignores the applicable law set forth by the Magistrate Judge. With respect to his first ground for relief, Petitioner asks "the Court to consider that prisoners that have been sentenced, and placed in home confinement regularly, especially since COVID, and they are not detained in a penal or correctional facility and only loosely under the control of the BOP." (ECF No. 14 at 1-2.) Petitioner further asserts that he was supervised by the United States Probation Office while on home detention and claims that he was under greater restrictions than a prisoner in home confinement because he was required to have a third party custodian. (*Id.* at 2.) Although the Court appreciates Petitioner's arguments, the Court is not persuaded by them for the reasons set forth by the Magistrate Judge in her Report. Stated plainly, district courts in the Fourth Circuit have consistently concluded that time spent on pretrial home detention is not considered "official detention" for the purpose of calculating credit for time served under 18 U.S.C. § 3585, and the Court declines to deviate from this line of cases. *See United States v. Insley*, 927 F.2d 185, 186 (4th Cir.

1991); *Reno v. Koray*, 515 U.S. 50 (1995).

Next, with respect to Petitioner's second ground for relief, Petitioner objects to the Magistrate Judge's findings and asks the Court to make a determination that his health condition is incompatible with the conditions of confinement. Specifically, Petitioner asks the Court "to order the BOP to provide a form of incarceration rather than a place of incarceration that would be more consistent with the goals of providing medical care, and rehabilitation." (*Id.* at 2-3.) Here again, however, Petitioner completely overlooks the applicable law set forth by the Magistrate Judge. As she properly explained: "Under the CARES Act, the court lacks jurisdiction to afford any relief," because "[t]he decision of whether to release an inmate to discretionary home confinement rests solely with the Bureau of Prisons." *McCarson v. Reherman*, No. 2:20-cr-1386-HMH-MGB, 2020 WL 2110770, *2 (D.S.C. May 4, 2020). Ultimately, the Court finds no merit to Petitioner's objection and agrees with the Magistrate Judge that it lacks jurisdiction to order home confinement under the CARES Act in the context of this petition.[1]

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report is **adopted and incorporated herein**; Petitioner's objections are **overruled**; and this matter is dismissed without prejudice and without requiring Respondent to file a return.

---

[1] The Court notes that under the First Step Act, a court may modify a criminal defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Here, Petitioner does not specifically request compassionate release; however, to the extent he may wish to do so, he should file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) within his underlying criminal case. *United States of America v. Howard*, 4:18-cr-60-1-D (E.D.N.C.).

4

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 8, 2023
Charleston, South Carolina

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.